995 So.2d 835 (2008)
Bobby Ray STEADHAM, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01960-COA.
Court of Appeals of Mississippi.
October 21, 2008.
*836 Matthew Shepherd Poole, Jackson, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Bobby Ray Steadham was convicted in the Circuit Court of Scott County, Mississippi of sexual battery of the victim, C.D., a child over the age of fourteen years, but under the age of sixteen years, in violation of Mississippi Code Annotated section 97-3-95(1)(c). He was sentenced *837 to serve a term of thirty years without the possibility of parole in the custody of the Mississippi Department of Corrections. It is from this conviction that he now appeals.

FACTS
¶ 2. Tammy Pilgrim ("Tammy") and Mark Steadham ("Mark") lived in Scott County, Mississippi, next door to Mark's brother, the defendant Bobby Ray Steadham. The victim in this case was Tammy's nephew, C.D., a boy of fifteen years at the time of trial.[1] C.D. was a special education student in the local school district.
¶ 3. C.D. testified that, in December 2004, he visited Steadham's trailer, along with Tammy's eight-year-old son. Steadham's girlfriend was also present at the trailer. Steadham begged C.D. to have sex with him, but C.D. refused. On another occasion, C.D. was again at the trailer, and this time Steadham forced C.D. to have anal intercourse with him. Steadham forced the victim to submit to anal intercourse on four or five separate occasions after that.[2] C.D. did not immediately relate these events to anyone because he was afraid of Steadham and was told that Steadham would get in trouble. However, in 2005, C.D. told his cousin, Tammy's daughter, what had happened. The daughter convinced C.D. to tell Tammy, who took him to the emergency room for examination.
¶ 4. The examining physician, Dr. Howard Clark, testified that the examination results were consistent with the sexual abuse documented in the patient's history. However, no biological/DNA evidence was presented at trial to connect Steadham to the crime. C.D. also testified that Steadham showed him pornography, but no pornographic materials were found or submitted as evidence.

I. Whether the trial court erred in allowing medical evidence at trial that was not known to Steadham prior to the trial.
¶ 5. Steadham alleges that he was not given adequate notice of the medical testimony given by Dr. Clark at trial; therefore, the evidence should have been excluded. In Steadham's motion for a new trial, he argued that information provided to him in discovery regarding Dr. Clark's evaluation was not a full or accurate account of what Dr. Clark later testified to at trial. Specifically, Dr. Clark testified:
[N]ormally, I would expect a fourteen year old boy, if you [were to] do a rectal, one finger's about all you're going to insert without a lot of pain and discomfort. But here was a person that got one finger in, stuck two fingers in, and he had-uh-his rectum was very relaxed.
¶ 6. Steadham cites no authority for this particular argument. "Parties are required to cite relevant authority or face imposition of a procedural bar." Citizens Nat'l Bank v. Dixieland Forest Prods., LLC, 935 So.2d 1004, 1013(¶ 35) (Miss. 2006). This issue is also procedurally barred due to the fact that Steadham made no contemporaneous objection to the testimony at trial. Livingston v. State, 943 So.2d 66, 70(¶ 8) (Miss.Ct.App.2006). If the defense feels that it has been "unfairly *838 surprised" by undiscovered evidence, it is required to "affirmatively request a continuance." Robinson v. State, 749 So.2d 1054, 1061(¶ 19) (Miss.1999). The testimony of Dr. Clark was given with no objection by Steadham until after the trial was completed in his motion for a new trial. Accordingly, this issue is procedurally barred.
¶ 7. Procedural bar aside, this Court finds that this argument is without merit. "The trial court has considerable discretion in matters pertaining to discovery, and its exercise of discretion will not be set aside in the absence of an abuse of that discretion." King v. State, 857 So.2d 702, 714(¶ 12) (Miss.2003) (citing Gray v. State, 799 So.2d 53, 60(¶ 26) (Miss.2001)). We "will not reverse a trial judge's decision on the admissibility of testimony offered at trial unless prejudice amounting to reversible error resulted from such a decision." Bishop v. State, 982 So.2d 371, 375(¶ 15) (Miss.2008). Even if an objection to the testimony at trial had been made at trial, that does not necessarily ensure that the judge would have excluded it. Steadham was provided Dr. Clark's medical report in discovery, which clearly indicated a finding that C.D. was a victim of sexual abuse. His subsequent testimony, which was merely a detailed account of his medical examination of C.D., was in no way contradictory to his medical report. We find that Dr. Clark's expanded testimony at trial does not amount to reversible error. This issue is without merit.

II. Whether the trial court erred in denying Steadham's motion for a new trial or for a directed verdict.
¶ 8. Steadham submits that the trial court erred in its denial of his motion for a new trial or for a directed verdict. A motion for a directed verdict challenges the legal sufficiency of the evidence presented to the jury. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We must only consider the evidence "in the light most favorable" to the prosecution, "giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence." Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.2001). However, a motion for a new trial challenges the weight of the evidence. Smith v. State, 802 So.2d 82, 85-86(¶ 11) (Miss.2001). "The standard of review on a motion for a new trial is abuse of discretion." Johnson v. St. Dominics-Jackson Mem'l Hosp., 967 So.2d 20, 23(¶ 8) (Miss.2007) (citing Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997)). "A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial." Jones v. State, 962 So.2d 1263, 1277(¶ 54) (Miss.2007). "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Herring v. State, 691 So.2d 948, 957 (Miss.1997). "Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict." Id.
¶ 9. Steadham correctly contends that no physical or biological evidence existed to link him to the alleged crime. Nor did the prosecution present any evidence that he possessed pornographic materials, as alleged by the victim. C.D. testified that Steadham made him watch a pornographic video and look at adult magazines. Steadham's long-time girlfriend refuted C.D.'s testimony by stating that she had never seen Steadham in possession of pornographic material and had no knowledge of his engaging in homosexual conduct. She also stated that Steadham never possessed a VCR. Steadham, who testified on his own behalf, also maintained that he never possessed any pornographic material. However, he contradicted his girlfriend's testimony *839 as to the existence of a VCR by admitting that he had previously owned one, but it quit working so he threw it out.
¶ 10. We find Steadham's argument unpersuasive. "[T]he unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." Green v. State, 887 So.2d 840, 845-46(¶ 13) (Miss.Ct.App.2004) (citation omitted). Although it is true that no physical evidence was presented against Steadham, C.D.'s testimony, which was corroborated by Dr. Clark's testimony that the results of C.D.'s examination were consistent with sexual abuse, was sufficient to support Steadham's conviction. Further, the verdict did not sanction an unconscionable result; accordingly, we find that the trial court's denial of the motion for a new trial was not an abuse of discretion. For the foregoing reasons, this issue is without merit.
¶ 11. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] To protect the anonymity of the minor, we use initials to represent the name of the victim.
[2] On cross-examination, C.D. stated that he later told someone at the Children's Advocacy Center in Rankin County, Mississippi about only two occasions where he was sexually assaulted. From the testimony, this appeared to be after he had already revealed these events to his family, but there is no specific date given in the record.